IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HANI INC., d/b/a GAS MART,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | Case No. 3:22-CV-01537-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss filed by Defendant United States of America ("United States"). (Doc. 10). Plaintiff Hani, Inc. ("Hani") filed a timely response. (Doc. 12). Initially, the United States moved to dismiss Hani's complaint for failure to effect proper service pursuant to Federal Rule of Civil Procedure 12(b)(5). The United States has since filed a notice retracting this argument and affirming that this portion of its motion is moot. (Doc. 11). Accordingly, the Court will only evaluate the United States' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1 regarding Count II. (Doc. 10). For the following reasons, the motion is granted.

### BACKGROUND

Hani, an Illinois corporation, operates a convenience store ("Gas Mart" or "Crown Mart") in East St. Louis, Illinois. (Doc. 1, ¶ 5). Gas Mart participates in the Supplemental Nutrition Assistance Program ("SNAP"), which is overseen by the Food and Nutrition Service ("FNS"). (*Id.* at ¶¶ 1-8). SNAP recipients can use their benefits to purchase eligible

items at Gas Mart. (*Id.* at ¶¶ 5, 7-8).

On February 28, 2022, FNS informed Hani that it was charged with "trafficking" as defined by 7 C.F.R. § 271.2 in violation of the SNAP terms and conditions. (*Id.*; *See* Doc. 1-1). To substantiate these charges, FNS identified patterns of unusually large transactions and multiple transactions made from the same accounts in a short timeframe. (Doc. 1-1, p. 5). Hani responded to the charges, denied any wrongdoing, and provided affidavits, photos, invoices, and receipts to support its propositions. (*Id.*). In light of the charges, Hani also requested a civil money penalty in accordance with 7 CFR § 278.6(i) and provided evidence of its compliance policy to prevent SNAP violations. (Doc. 1, ¶ 12). The Office of Retailer Operations and Compliance ("ROC") found sufficient evidence of trafficking under Section 278.6(c) and 278.6(e)(1) resulting in permanent disqualification from participation as an authorized SNAP retailer. (Doc. 1-1, p. 3). While Hani requested a civil money penalty, the ROC found Hani ineligible for such penalty due to insufficient evidence of an effective compliance policy and program to prevent SNAP violations. (*Id.*). On April 7, 2022, Hani appealed the ROC's determination and requested administrative review. (*Id.*). Two months later, an FNS administrative officer affirmed the ROC's findings that Hani's convenience store trafficked in SNAP benefits and that Hani failed to provide the required evidence to receive a civil money penalty. (*Id.* at pp. 12-13).

After administrative review, Hani initiated this action seeking a trial *de novo* of the FNS decision and a declaration of its eligibility for consideration of a civil money penalty in lieu of permanent disqualification. (Doc. 1, ¶¶ 15-30). The United States filed a motion to dismiss targeting Count II of Hani's complaint arguing that the declaratory relief

sought is merely duplicative of Count I. (Doc. 10, pp. 5-6). In response, Hani contends that Count II does not simply duplicate Count I because each count requires determination of entirely independent legal issues. Hani urges that Count I requires review of whether it trafficked in SNAP benefits, and separately, Count II necessitates a determination of Hani's eligibility for a civil money penalty. (Doc. 12, pp. 2-4).

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In deciding a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC,* 714 F.3d 501, 504 (7th Cir. 2013).

According to well-settled law, duplicative counts in a complaint may be properly dismissed. *Freedom Mortgage Corp. v. Burnham Mortgage, Inc.*, 720 F. Supp. 2d 978, 992 (N.D. Ill. 2010). When determining if a claim is duplicative, a court considers whether the parties, facts, requested relief, and proof of elements significantly differ. *Kreher v. Polaris Indus., Inc.*, No. 20-CV-126, 2020 WL 7263285, at *3 (S.D. Ill. Dec. 10, 2020). The relevant inquiry is whether the claims are based on the same operative facts and the same injury. *Freedom Mortgage Corp.*, 720 F. Supp. 2d at 992.

DISCUSSION

I.     Count II – Declaratory Judgment

Under the Declaratory Judgment Act, federal courts are empowered to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. A declaratory judgment is typically available under two circumstances: "(1) [t]he controversy has ripened to a point where one of the parties could invoke a coercive remedy…but has not done so; and (2) [a]lthough the controversy is real and immediate, it has not ripened to such a point, and it would be unfair or inefficient to require the parties to wait for a decision." *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987). If the substantive claim can resolve the issues raised by the declaratory judgment action, the declaratory judgment action "serve[s] no useful purpose." *Id*.

Here, declaratory judgment serves no useful purpose as Hani will receive the same relief through its other substantive claim, Count I. Through its declaratory judgment claim, Hani requests that the Court review its eligibility for a civil money penalty in lieu of a permanent disqualification, but Hani's claim for judicial review of the FNS agency decision in Count I encompasses such review. When analyzing the agency decision *de novo* under Count I, the Court will first determine if Hani engaged in trafficking and violated SNAP regulations. Should the Court conclude that a trafficking violation occurred, the Court will then examine the penalty imposed—permanent disqualification. *Estremera v. United States*, 442 F.3d 580, 585 (7th Cir. 2006); *See Nowicki v. United States*, 536 F.2d 1171, 1178 (7th Cir. 1976) *(*finding that where the district court finds *de novo* that a

violation occurred, the Court will then review the administrative agency's penalty for its validity). In assessing the appropriateness of the penalty (including whether Hani was ineligible for a civil money penalty), the Court will give deference to FNS's decision and will only set aside the penalty "if it is arbitrary and capricious." *Brooks v. United States*, 64 F.3d 251, 256 (7th Cir. 1995); *see also Noil 2018 LLC v. United States,* No. 21-cv-392, 2022 WL 4585861, at *10 (E.D. Wis. Sept. 29, 2022) (collecting cases applying the arbitrary and capricious standard in reviewing an agency's choice of sanction); *Affum v. United States*, 566 F.3d 1150, 1161 (D.C. Cir. 2009) (A plaintiff is entitled to a trial *de novo* "to create a factual record on the Secretary's determination not to [] impose a civil money penalty in lieu of disqualification, and judicial review of the Secretary's choice of penalty is based on that *de novo* record. But the controlling standard of review is abuse of discretion." Moreover, the Secretary abused his discretion with choice of penalty if his decision was "unwarranted in law or without justification in fact or [was] arbitrary or capricious." (internal quotation marks and citations omitted)). In reviewing the FNS letter sustaining the ROC determination, the Court notes that FNS considered Hani's request for a civil money penalty but decided that Hani failed to provide sufficient evidence to warrant such a penalty. The prudence of this decision, including whether FNS appropriately applied its regulations in making this determination, will be evaluated through an arbitrary and capricious standard during judicial review in Count I.

Because the Court will already examine FNS's findings, including the validity of the penalty imposed under Count I, a separate challenge to FNS's specific determination

that Hani was ineligible for a civil money penalty is duplicative and unnecessary. As such, the Court dismisses Count II of Hani's complaint.

## CONCLUSION

For these reasons, the Court **GRANTS** the Motion to Dismiss filed by the United States as to Count II. (Doc. 10).

**IT IS SO ORDERED.**

DATED:   April 18, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**